IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| CHARLES E. MATHIS, | § |
| Plaintiff, | § |
| VS. | § CIVIL ACTION NO. H-04-3053 |
| JOHN ASHCROFT, United States Attorney General, | § |
| Defendant. | § |

**ORDER**

Plaintiff Charles Mathis, a retired Special Agent with the Drug Enforcement Administration, sued John Ashcroft in his capacity as Attorney General of the United States for discriminating against him on the basis of race, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*; and on the basis of his age, in violation of the Age Discrimination Enforcement Act (ADEA), 29 U.S.C. § 621 *et seq.* Mathis alleged retaliation and constructive discharge. The lawsuit arises out of the DEA's decision to transfer Mathis to DEA Headquarters in Washington, D.C., out of the Houston Division Office where he had worked for an extended period, in 2002. In a previous Memorandum and Opinion, this court granted Ashcroft's motion for summary judgment, (Docket Entry No. 21), and entered final judgment in Ashcroft's favor, (Docket Entry No. 22). Mathis has filed a motion for a new trial, (Docket Entry No. 23), to which Ashcroft has responded, (Docket

Entry No. 24). After reviewing the motion and response, the record, and the applicable law, this court denies the motion for new trial. The reasons are stated below.

For purposes of this analysis, this court assumes that Mathis's proffered reasons for failing to respond to Ashcroft's motion for summary judgment are valid and warrant consideration of the merits of Mathis's arguments and the summary judgment evidence he proffers. These arguments and evidence fail to create a fact issue with respect to each of his claims.

Mathis does not (and cannot) dispute that he was the longest-serving supervisor-level Houston office employee who had not been required to spend time working at DEA Headquarters. Mathis does not dispute that, at the relevant time, the Houston office had too many supervisor-level employees and needed to remove a supervisor. The summary judgment record shows that the office had a policy of sending supervisor-level employees to Headquarters, and preferred to send those employees who had gone the longest period without a transfer to Headquarters and those employees whose absence from the field office would cause the least disturbance. In the Houston office at the relevant time, Mathis was the longest-serving supervisor who had not yet had a transfer to Headquarters. The Career Board's purportedly "contradictory" testimony by Kevin Whaley and Jerry Heard on this point is not at all contradictory, but instead supports the Career Board's position in the case. Based on discussions with other supervisors in the office, the Career Board determined that removing Mathis from the office to Headquarters would be the least disruptive and follow existing protocol on employee transfers. (Docket Entry No. 23, Ex. A at 33–34, 45–46).

2

Heard testified that the DEA now has a policy that permits employees nearing retirement to avoid transfers to Headquarters; however, he also made clear that this policy was not in place at the time the Career Board decided to transfer Mathis.  (*Id.*, Ex. B at 42–44).  Mathis has failed to introduce any competent summary judgment evidence tending to show that this legitimate, nondiscriminatory reason for his transfer was a pretext for race or age discrimination against Mathis.

With respect to Mathis's age discrimination claim, Mathis has failed to make a *prima facie* showing of discrimination.  The summary judgment record (including Mathis's recent submissions) shows that the other two GS-14 level investigators in the Houston office were 49 and 52 years old.  Mathis, who was 52 at the time, has not shown that younger workers received more favorable treatment.  *See, e.g.*, *Bodenheimer v. PPG Indus., Inc.*, 5 F.3d 955, 957 (5th Cir. 1993); *Guthrie v. Tifco Indus.*, 941 F.2d 374, 376 (5th Cir. 1991).

Mathis has also failed to introduce evidence or new arguments that his employer retaliated against him for engaging in protected activity or that anyone on the Career Board had an animus toward Mathis with the objective of making his working conditions so intolerable that a reasonable employee would feel compelled to resign.  Mathis's motion fails to alter this court's ruling or analysis on the retaliation and constructive discharge claims.

The motion for a new trial is denied.

SIGNED on May 4, 2006, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge